UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW E. ORSO,

    Plaintiff,

v.                                                        Case No: 8:21-mc-76-CEH-JSS

EDDY PIERRE,

    Defendant.
_____/

## ORDER

Pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, Nationwide Judgment Recovery, Inc. (Nationwide) seeks to substitute itself for "Matthew Orso, as Successor Trustee to Kenneth D. Bell, in his capacity as Court-Appointed Receiver for Rex Venture Group, LLC ('Orso') as the party Plaintiff in this matter." (Motion, Dkt. 27). Upon consideration, the Motion is **GRANTED**.

Federal Rule of Civil Procedure 25 provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). It is within the court's discretion to allow substitution. *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 610 (11th Cir. 1984). Substitution under Rule 25(c) "is procedural only and does not affect the substantive rights of the parties which are determined by state law." *Matter of Covington*

*Grain Co., Inc.*, 638 F.2d 1357, 1361 (5th Cir. 1981);[1] *Barker v. Jackson Nat'l Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995) ("Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected.").

Moreover, courts in this district have found that "this miscellaneous matter and the issuance of the writs of garnishment are a continuation of the original litigation that produced the judgment. Thus, under Rule 25(c), the litigation may be continued by [Nationwide Judgment Recovery, Inc.] (the party in interest) and against [Defendant] (the original party)." *Bell v. Woods*, No. 5:20-mc-10-JSM-PRL, 2022 WL 428440, at *3 (M.D. Fla. Jan. 7, 2022), *report and recommendation adopted*, 5:20-mc-10-JSM-PRL, 2022 WL 425719 (M.D. Fla. Feb. 11, 2022); *Orso v. Vasquez*, No. 8:21-mc-112-CEH-AEP (M.D. Fla. June 8, 2022), ECF No. 21.

Here, in the court's exercise of its discretion, substitution is warranted under Rule 25(c), as Nationwide's evidence supports the conclusion that it is the party in interest as the assignee of the subject judgment. *See* (Dkts. 27, 27-1, 27-2, 27-3.) As such, the court finds good cause to substitute Nationwide into this action in place of the Receiver as the party Plaintiff. *See Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) ("Rule 25(c) authorizes a substitution of parties after a transfer of interest has occurred.").

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

Accordingly, Nationwide's Motion for Substitution of Plaintiff (Dkt. 27) is **GRANTED**. The Clerk of Court is directed to amend the case caption to substitute Nationwide Judgment Recovery, Inc., as the named Plaintiff in this matter.

**ORDERED** in Tampa, Florida, on September 9, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record