# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC, AS ASSIGNEE OF
MATTHEW ORSO AS SUCCESSOR
TRUSTEE TO KENNETH D. BELL IN
HIS CAPACITY AS COURT-
APPOINTED RECEIVOR FOR REX
VENTURE GROUP, LLC,

    Plaintiff,

v.                                 Case No: 8:21-mc-00076-CEH-JSS

EDDY PIERRE,

    Defendant.

v.

BANK OF AMERICA, N.A.,

    Garnishee.

_____

## ORDER

This cause comes before the Court on Plaintiff Nationwide Judgment Recovery, Inc.'s ("NJR") Motion for Consent Final Judgment in Garnishment (Doc. 26). The parties have stipulated that Plaintiff is entitled to entry of a Final Judgment of Garnishment against Garnishee, Bank of America, N.A. ("BOA"), in the amount of $3,000.00 (Doc. 25). Upon consideration of the Motion and the Stipulation, the Court will grant the motion and enter final judgment of garnishment.

## BACKGROUND

In 2012, the SEC shut down a Ponzi scheme called ZeekRewards. In a proceeding in the Western District of North Carolina, Kenneth Bell was appointed as the Receiver tasked with reclaiming the funds that were obtained through the scheme. Doc. 27 at 1-2. Bell obtained judgments against thousands of beneficiaries of the scheme, including Defendant Eddy Pierre. *Id.* at 2. The Western District of North Carolina entered a final judgment against Pierre in the amount of $12,688.02 on August 14, 2017. Doc. 1-1 at 3.

Matthew Orso, who was appointed Bell's Successor Receiver in May 2019, *see* Doc. 1-2, filed this garnishment action against Pierre on April 28, 2021. Doc. 1. He named BOA and J.P. Morgan Chase Bank, LLC ("Chase") as Garnishees. *Id.* Orso had assigned the judgment to NJR in December 2019, rendering NJR his successor in interest. Doc. 18 at 3-4. The Court has granted NJR's motion to substitute itself for Orso as the party Plaintiff in this action pursuant to Rule 25(c), Federal Rules of Civil Procedure (Doc. 28).[1]

On Plaintiff's motion, the Court issued a Writ of Garnishment against BOA and Chase in the amount of $12,688.02 each, resulting in BOA's restraint of $4,908.69 of

---

[1] Courts in this District have found that proceedings involving writs of garnishment may be continued by successors in interest to the original plaintiff. *See*, *e.g.*, *Nationwide Judgment Recovery, Inc. v. Pateau*, 6:21-mc-80-CEM-EJK, 2022 WL 3236732, *1 n.1 (M.D. Fla. July 18, 2022), report and recommendation adopted by 2022 WL 3227185 (Aug. 10, 2022) (granting consent motion for final order of garnishment in favor of NJR after NJR was substituted as the party plaintiff); *Orso v. Nagibina*, 8:21-mc-131-KKM-JSS, 2022 WL 2159722, *1 (M.D. Fla. June 15, 2022) (authorizing substitution of NJR for Orso in garnishment action).

2

funds belonging to Defendant Pierre. Docs. 2, 6. Pierre then filed a claim of exemption for the restrained funds. Doc. 17. Before an evidentiary hearing on Pierre's claim of exemption was held, the parties filed a notice of settlement. Doc. 22; *see* dkts. 21, 23. Pierre's motion for a claim of exemption was dismissed without prejudice. Dkt. 24.

Pierre and Plaintiff have filed a stipulation reflecting their agreement that Plaintiff will accept a reduced sum of $3,000.00 from the funds that BOA restrained to be applied toward the judgment balance. Doc. 25 at 2. Pierre agreed to waive any right to a hearing or further adjudication of this matter, instead consenting to the entry of a final judgment of garnishment in the amount of $3,000.00 from BOA to Plaintiff. *Id.* at 3. Plaintiff now moves for entry of that judgment. Doc. 26.

## DISCUSSION

Federal Rule of Civil Procedure 69(a)(1) provides that enforcement of a money judgment must accord with the procedures of the state in which the court is located. In Florida, chapter 77 of the Florida Statutes provides the procedures for the issuance and enforcement of writs of garnishment.

Before a judgment can be obtained against the defendant, the plaintiff must move the court to issue a writ of garnishment. Fla. Stat. § 77.031. Service of the writ on a garnishee renders the garnishee liable for, and creates a lien on, all debts due to defendant in the garnishee's possession or control. *Id.* § 77.06(1). The garnishee must file an answer in which it reports all such debts or property, and the plaintiff is required to serve that answer on the defendant. *Id.* at § 77.06(2), 77.055. The plaintiff is also required to pay $100.00 to the garnishee as partial payment for its attorneys' fees when

demanded. *Id.* § 77.28.  Judgment against the garnishee shall be entered for the amount of its liability as disclosed by its answer or by a trial. *Id.* § 77.083.

The Court finds that Plaintiff has complied with the above procedure and that, pursuant to the parties' stipulation, Plaintiff is entitled to a final judgment of garnishment in its favor against BOA. *See* Docs. 25, 26.  Plaintiff's motion is therefore due to be granted.

The second Garnishee, Chase, has filed an answer to the Writ of Garnishment against it affirming that it is not indebted to Defendant Pierre. Doc. 11.  Plaintiff did not file a reply to Chase's Answer.  Under Fla. Stat. § 77.061, the answer must be taken as true.  Chase is therefore entitled to an order discharging it from further liability under the writ. *Id.*

Finally, both Garnishees have sought the statutory garnishment fee of $100.00 pursuant to Fla. Stat. § 77.28. Doc. 11 at 2; Doc. 10 at ¶¶ 4, 6.  The Court finds that both Garnishees are entitled to this fee. *See Orso as Trustee to Bell v. Cummins*, 6:21-mc-60-WWB-GJK, 2022 WL 2306719, *2 (M.D. Fla. Feb. 7, 2022), report and recommendation adopted by 2022 WL 2306845 (March 21, 2022) (in final judgment of garnishment, ordering Plaintiff to pay Garnishee the statutory fee of $100.00).

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for Consent Final Judgment in Garnishment (Doc. 26) is **GRANTED**.

4

2. As to the Writ of Garnishment against Bank of America, NA (Doc. 6) and the Answer of Bank of America, NA (Doc. 10), judgment of garnishment in favor of Plaintiff and against Garnishee Bank of America, NA in the sum of $3,000.00 is **ENTERED**.  Bank of America, NA is directed to forward the funds to Plaintiff within **TEN (10) DAYS** of this Order, payable to Emery Law, PLLC Trust Account, and mailed to: Emery Law, 5011 Gate Parkway, Bld. 100, Suite 100, Jacksonville, FL 32256.  Upon doing so, Bank of America, NA, is discharged from further liability under the Writ of Garnishment issued on August 3, 2021, as to Defendant Eddy Pierre (Doc. 6).

3. Within fourteen (14) days of the entry of judgment, Plaintiff shall pay Bank of America, N.A. a sum of $100.00 pursuant to section 77.28, Florida Statutes.

4. Garnishee J.P. Morgan Chase Bank, LLC is **DISCHARGED** from further liability under the Writ of Garnishment issued on August 3, 2021, as to Defendant Eddy Pierre (Doc. 7).

5. Within fourteen (14) days of the entry of judgment, Plaintiff shall pay J.P. Morgan Chase Bank, LLC a sum of $100.00 pursuant to section 77.28, Florida Statutes.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties