UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE JUDGMENT
RECOVERY, INC.,

    Plaintiff,

v.                                                   Case No: 8:21-mc-76-CEH-JSS

EDDY PIERRE,

    Defendant.
_____/

## ORDER

    Plaintiff Nationwide Judgment Recovery, Inc. moves the court for a writ of garnishment after judgment directed to Bank of America, N.A. pursuant to Federal Rule of Civil Procedure 69(a) and section 77.03 of the Florida Statutes. (Motion, Dkt. 33.) Upon consideration, Plaintiff's Motion is denied without prejudice.

    Under Federal Rule of Civil Procedure 69(a), the procedure for enforcing a money judgment by writ of execution "must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a). Section 77.03 of the Florida Statutes requires a plaintiff seeking issuance of a writ of garnishment after judgment to file a motion "stating the amount of the judgment." Fla. Stat. § 77.03. Section 77.04 of the Florida Statutes further provides that a writ of garnishment entered upon such a motion "shall state the amount named in plaintiff's motion." Fla. Stat. § 77.04. Plaintiff's Motion states that judgment was entered against Defendant in the amount

of $12,688.02 and that $3,000 has been credited to the account "bringing the current balance owed on the judgment as of this filing to $10,816.65." (Dkt. 33 at 2.) Plaintiff's Motion also alternatively requests the court enter a writ of garnishment "in the amount of $7,816.65." (*Id.* at 5.) The proposed writ attached to Plaintiff's Motion further states that "[t]he amount set forth in Plaintiff's motion is $9,688.02." (Dkt. 33-1 at 2.) Given the discrepancies between Plaintiff's Motion and the proposed writ, the court finds that Plaintiff's Motion fails to comply with sections 77.03 and 77.04 of the Florida Statutes. *See Branch Banking & Tr. Co. v. Carrerou*, 730 F. App'x 869, 871 (11th Cir. 2018) ("[U]nder Florida law '[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute.'") (quoting *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. 2d DCA 2009)). Accordingly, Plaintiff's Motion for Writ of Garnishment After Judgment (Dkt. 33) is **DENIED without prejudice**.

    **ORDERED** in Tampa, Florida, on February 14, 2024.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record